PEOPLE ex rel. JOHNSON v. CONNOLLY, Borough President.

(Supreme Court, Appellate Division, Second Department.   April 1, 1915.)

OFFICERS ☞66—REMOVAL—POLITICAL ASSESSMENTS—STATUTES.

Under Civil Service Law (Consol. Laws, c. 7) § 26, and Penal Law (Consol. Laws, c. 40) § 774, both prohibiting political assessments and making a violation of their provisions a misdemeanor, although the relator, as chief engineer of the bureau of sewers in the city of New York, did not directly solicit political contributions, and gave no intimation that failure to pay might affect the employé's position, nevertheless he was guilty of the offense denounced, where he received such contributions, and was properly removed from office.

[Ed. Note.—For other cases, see Officers, Cent. Dig. § 96; Dec. Dig. ☞66.]

Certiorari by the People, on the relation of James H. Johnson, against Maurice E. Connolly, as President of the Borough of Queens, to review respondent's determination in removing relator from the position of Chief Engineer of the Bureau of Sewers.  Writ dismissed.

Argued before JENKS, P. J., and BURR, CARR, RICH, and PUTNAM, JJ.

Eugene N. L. Young, of Long Island City, for relator.

Charles J. Nehrbas, of New York City (Terence Farley, of New York City, on the brief), for respondent.

PUTNAM, J.   The uncontradicted testimony showed that relator's conduct in receiving political contributions in the bureau of sewers was against the Civil Service Law (section 26), and violated the corresponding provisions of the Penal Law (section 774).  Although the relator did not solicit contributions, and gave no intimation that failure to pay might affect the employé's future position, the law is against payments, even unsought, if made and taken in a state or municipal office, especially if paid to an official superior.   The influence of such position is not less effective if silently exerted.   The limits by these statutes to contributions asked or payments made within the building or room of the city or state are presumably due to what were deemed the reasonable and constitutional freedom of citizens when in private life.   The Legislature of New York, following various federal statutes, aimed to check a political abuse in taking party tribute from officers when within their office surroundings.   In such official relations, the call and pressure to pay for political purposes are felt without express demand or any open threats.   Our statutes, therefore, would keep such contributions purely voluntary, as from citizens in private life, which character they cannot have, if paid over at official desks in city bureaus.

The determination of the president of the borough of Queens removing the relator, is therefore confirmed, and the writ dismissed, with $50 costs and disbursements.  All concur.